RILEY ET AL., *v.* ENTERPRISE FURNITURE CO., INC., D. B. A. LEVEY'S INTERIORS.

(No. 77-CV-F-162—Decided December 28, 1977.)

Sylvania Municipal Court.

*Mr. Ronald Henderson*, for plaintiffs.
*Mr. Joseph Perlman*, for defendant.

CHAPMAN (Acting Judge). This case was tried to the court without a jury. Plaintiffs, Jacqueline Riley and Bessie Lee Riley, brought this action seeking damages from defendant, Enterprise Furniture Co., Inc., dba Levey's Interiors, for its failure to refund their deposits and for failing to make deposit policy disclosures as required by the Ohio Consumer Sales Practices Act, R. C. 1345.01 et seq.

On November 12, 1975, Jacqueline Riley and her mother, Bessie Lee Riley, separately entered into two contracts for the purchase of furniture from defendant's furniture store. Jacqueline Riley deposited $52 on her contract, and made application at defendant's store for financing of the remainder of the purchase price. Bessie Lee Riley deposited $100 on her contract and applied for similar financing. Subsequently, both applications for financing were disapproved. After the financing failed, both plaintiffs demanded return of their deposits. Defendant has refused to return deposits.

Plaintiffs alleged that after Bessie Lee Riley's financing was disapproved, defendant agreed to transfer her $100 to her daughter's account. But plaintiffs have failed to show that the transfer actually occurred.

Defendant alleged that Jacqueline Riley was not entitled to the return of her deposit because the following statement was stamped on her contract: "Deposits are not refundable." Jacqueline Riley testified that the statement was not present on the copy of the contract which she received on November 11, 1975, the date of the deposit. She argues that her contention is supported by the undisputed fact that the deposit statement does not appear on her mother's contract which was drawn up at the same time.

The court finds that the evidence establishes the deposit statement was not present on Jacqueline Riley's contract at the time the deposit was accepted. Further, the uncontroverted evidence shows no deposit policy information was placed on Bessie Riley's contract. Accordingly, the court concludes that both of the plaintiffs are entitled to the return of their deposit money, there having been no agree-

ment to the contrary between the plaintiffs and the defendant.

The court also concludes that the plaintiffs' claims under the Ohio Consumer Sales Practices Act (hereinafter referred to as "Act") are well taken. Defendant argues that because plaintiffs claim a deceptive act was committed, a showing of intent must be made for recovery to be had. This argument is erroneous. Under the Act, commission of an act or practice which has been defined as deceptive entitles the consumer to recovery. Common law intent to deceive is not a prerequiste to violation of the Act.[1]

The Act prohibits merchants from engaging in certain conduct which is considered *per se* as deceptive.[2] The commission of an act defined as being deceptive entitles the consumer to cancellation of the contract, or the greater of actual damages or $100.[3]

The Director of the Ohio Department of Commerce is empowered by the Act to issue rules defining deceptive actions or practices.[4] The required disclosures concerning deposits are found in the Department of Commerce Substantive Rule COcp-3-01.07. Applicable portions of the rule state:

---

[1]*Brown* v. *Bredenbeck* (C. P. Franklin Co. 1975), 2 O. O. 3d 286, 287. See, also, Tongren and Samuels, The Development of Consumer Protection Activities in the Ohio Attorney General's Office, 37 Ohio St. L. J. 581, 598 (1976).

[2]"No supplier shall commit a deceptive act or practice in connection with a consumer transaction." R. C. 1345.02 (A).

[3]"For a violation of Sections 1345.01 to 1345.13 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:

"* * *

"(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B) (2) of Section 1345.05 of the Revised Code before the consumer transaction on which the action is based * * * the consumer may rescind the transaction or recover, but not in a class action, actual damages or one hundred dollars, whichever is greater * * *." R. C. 1345.09.

[4]"The director may:

"* * *

"(2) Adopt, amend, and repeal substantive rules defining with reasonable specificity acts or practices which violate Sections 1345.02 and 1345.03 of the Revised Code." R. C. 1345.05 (B).

"A. It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to accept a deposit unless the following conditions are met:
"* * *

"2. All deposits accepted by a supplier must be evidenced by dated receipts stating the following information:

"a. Description of the goods [including model, model year, when appropriate, make, and color];

"b. The cash selling price;

"c. Allowance on the goods to be traded in, if any;

"d. Time during which the option is binding;

"e. Whether the deposit is refundable and under what conditions; and

"f. Any additional costs such as delivery charges."

The evidence presented at trial shows defendant failed to meet the requirement of COcp-3-01.07 (A) 2 e., in that it failed to make written disclosure to the plaintiffs of "[w]hether the deposit is refundable and under what conditions." Accordingly plaintiffs are entitled to the relief authorized by R. C. 1345.09 (B).

The relief section requires, however, that the consumer is entitled to the greater of either actual damage or $100, but not both. As set forth above, Jacqueline Riley is entitled to $52 in actual damages. Because the statutory amount exceeds her actual damages Jacqueline Riley is entitled to recovery in the amount of $100 in total.

Because Bessie Lee Riley's actual damages or $100 is the same amount as the statutory damages authorized, no choice is necessary. Therefore, Bessie Lee Riley is entitled to recovery in the amount of $100 in total.

Judgment is hereby rendered in favor of the plaintiffs together with their costs.

*Judgment for plaintiffs.*