14

BROWN, ATTORNEY GENERAL, ET AL., *v.* LYONS ET: AL.

(No. A-742156—Decided November 12, 1974.)

Court of Common Pleas of Hamilton County.

*Mr. William J. Brown*, attorney general, for plaintiff.
*Mr. Harold Kenneth Lyons, pro se.*

KEEFE, J. This cause having come on for trial and the court, having heard the evidence presented by the plaintiffs and defendants, and having ruled in favor of plaintiffs, and the plaintiffs having filed a request for separate findings of fact and conclusions of law, therefore the court finds the facts and states the conclusions of law as follows:

*FINDINGS OF FACT FOR ATTORNEY GENERAL*

1. Harold Kenneth Lyons and his employees engaged in consumer transactions in the state of Ohio beginning a date unknown but at least from March 1973, at the following locations:

(a) 2935 Jessamine, Cincinnati, Ohio;
(b) 1725 Vine Street, Cincinnati, Ohio;
(c) 5259 Colerain, Cincinnati, Ohio;
(d) 4152 Hamilton Avenue, Cincinnati, Ohio;
(e) 2916 Colerain, Cincinnati, Ohio.

2. Harold Kenneth Lyons and his employees, in the course of engaging in consumer transactions, used the phone numbers 542-7515 and 542-7442.

3. Harold Kenneth Lyons, in connection with engaging in consumer transactions, identified himself by the following names:

(a) Harold Lawrence;
(b) Ken Lawrence;
(c) Harold Davis;
(d) William Lawrence;
(e) Mr. Harold.

4. Harold Kenneth Lyons and his employees engaged in consumer transactions using the following business names:

(a) Emergency Refrigeration Service;
(b) ABC Appliances;
(c) Harold's Appliances, Sales and Service;
(d) ACCO & Co.

5. Harold Kenneth Lyons employed sales persons and repairmen to engage in the business of the sale of used appliances and the repair of used appliances.

6. Harold Kenneth Lyons personally represented, and

authorized his sales persons to represent the characteristics of the goods and services or warranties of the goods and services sold to consumers.

7. Harold Kenneth Lyons and his employees, in the course of engaging in consumer transactions, represented, expressly or impliedly, that goods sold by him were of merchantable quality, and would perform in the manner for which such goods were used.

8. Harold Kenneth Lyons represented, or authorized representations by his sales persons, that goods and services sold by him were warranted or guaranteed for a certain specific period of time, usually for a period of ninety (90) days.

10. Harold Kenneth Lyons failed to repair goods or replace goods, or refund consumers' money when those goods were not of a merchantable quality, and did not perform in a manner for which such goods were used.

11. Harold Kenneth Lyons represented, or authorized representations by his sales persons, that appliances were in working condition at the time of sale.

12. Harold Kenneth Lyons or his employees sold certain appliances that were not in working condition, despite the representations that said appliances were in working condition.

13. After failing to provide goods and services, Harold Kenneth Lyons also failed to refund consumers' payments for said goods and services.

14. Harold Kenneth Lyons or his employees represented that his goods and services had performance characteristics, uses, and benefits which, in fact, they did not have.

15. Harold Kenneth Lyons failed to provide in advance to the consumer, when anticipated repairs exceed $25.00, a written estimate of the cost to the consumer of the anticipated repairs, the basis upon which the charge to the consumer would be made, and the reasonably expected completion date of such repairs, including any charge for reassembly of any parts disassembled for inspection, or any service charge to be imposed.

16. Harold Kenneth Lyons represented, or authorized

representations by his repairmen, that defects in appliances had been repaired when, in fact, the repairs had not been properly performed.

17. Due to the complex electrical and mechanical nature of household appliances, many consumers are unable to personally determine whether appliances are working properly or repaired properly. Furthermore, consumers are unable to comprehend the internal mechanical operation of appliances as well as the identification of parts, terms and mechanical functions. Therefore, those consumers must rely on the expertise of suppliers who hold themselves out to be appliance dealers and appliance repairmen. Harold Kenneth Lyons and his employees:

(a) Intentionally and knowingly made misleading statements of opinion upon which consumers relied regarding the quality and operation of used appliances which consumers purchased;

(b) Intentionally and knowingly made misleading statements of opinion upon which consumers relied regarding the work necessary to repair consumers' defective appliances and repair work already performed;

(c) Knowingly took advange of the inability of the consumer to protect his interests because of his inability to understand technical terms by intentionally making deceptive and false statements in the sale or repair of used appliances, and by performing useless and unnecessary repairs.

18. Harold Kenneth Lyons and his employees knew at the time of the consumer transactions of the inability of the consumer to receive a substantial benefit because the used appliances did not work, guarantees and warranties would not be honored, or that useless and unnecessary repairs were made.

19. Harold Kenneth Lyons, in connection with consumer transactions, avoided his legal obligations to consumers in each of the following respects:

(a) Concealing his real identity from consumers with whom he dealt by using several fictitious names or aliases as his name;

(b) Frequently changing the names under which he did business;

(c) Frequently changing the geographic location from which he did business;

(d) Failing to answer his business phones for unreasonable lengths of time;

(e) Failing to return calls to consumers;

(f) Selling defective merchandise and thereafter failing to honor warranties.

20. Harold Kenneth Lyons, in connection with consumer transactions, consistently maintained a pattern of inefficiency, incompetency, stalling and evasion.

## ADDITIONAL FINDINGS OF FACT FOR INTERVENORS

21. The following consumer-plaintiffs purchased used appliances from Harold Kenneth Lyons and his employees which did not perform according to the representations made by Harold Kenneth Lyons and his employees, and which were not repaired or replaced pursuant to express and implied warranties (as set forth in Findings of Fact numbers 6 through 14 herein):

(a) Rebecca Green;

(b) Virginia Ferrarelli;

(c) Earl Owens;

(d) Lucille Cody;

(e) Ruth Blackburn.

22. The following consumer-plaintiffs paid money for the repair of used appliances to Harold Kenneth Lyons or his employees, which repair was improperly performed (as set forth in Findings of Fact numbers 15 and 16 herein):

(a) Beatrice McWilliams;

(b) Saundra Cheek;

(c) Linnie Caldwell;

(d) Olivia Thompson;

(e) Josephine Dickhaus;

(f) Raymond Colson;

(g) Luther Walker;

(h) Zita Crooker.

23. Harold Kenneth Lyons and his employees engaged in the acts and practices (as set forth in Findings of Fact numbers 17 through 21) with respect to each of the consumer-plaintiffs herein.

24. Harold Kenneth Lyons and his employees failed to return consumers appliances which were taken from their homes for repair.

### CONCLUSIONS OF LAW FOR ATTORNEY GENERAL

From the foregoing facts, the Court makes the following conclusions of law:

1. Harold Kenneth Lyons is a "supplier" as defined by R. C. 1345.01(C), and is a "merchant" as defined by R. C. 1302.01(A)(5).

2. Sales persons, repairmen, and employees of Harold Kenneth Lyons who effected or solicited consumer transactions, are agents of Harold Kenneth Lyons and therefore, Harold Kenneth Lyons is legally responsible for the acts and practices of his agents.

3. Harold Kenneth Lyons and his agents have engaged in numerous "consumer transactions" as defined by R. C. 1345.01(A).

4. Harold Kenneth Lyons and his agents, in the sale of applicances, have created express warranties as defined in R. C. 1302.26.

5. Failure by a supplier in connection with a consumer transaction to honor express warranties, constitutes deceptive acts and practices in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.02(A). This failure also constitutes a violation of R. C. 1345.02(B)(10).

6. Harold Kenneth Lyons and his agents, in the sale of appliances, have created implied warranties of merchantability as defined in R. C. 1302.27.

7. Failure by a supplier in connection with a consumer transaction to honor implied warranties of merchantability constitutes a deceptive act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.02(A). This failure to honor implied warranties also constitutes a violation of R. C. 1345.02(B)(10).

8. Representations by a supplier in connection with a consumer transaction that goods and services have performance characteristics, uses, and benefits which, in fact, they do not have constitute deceptive acts and practices in violation of R. C. 1345.02(A). These representations also specifically violate R. C. 1345.02(B)(1).

9. Failure by a supplier in connection with a consumer transaction to provide goods and services while also failing to refund consumers' money after consumers have paid for said goods and services constitute deceptive acts and practices in violation of R. C. 1345.02(A). This also specifically violates R. C. 1345.02(B)(6).

10. A supplier who in connection with a consumer transaction accepts monies from consumers for goods or services and then allows an unreasonable length of time to elapse without:

(a) making shipment or delivery of the goods ordered; or

(b) making full refund; or

(c) advising the consumer of the duration of an extended delay and offering to send him a refund within a reasonable length of time if so requested; or

(d) furnishing similar goods of equal or greater value as a good faith substitute, commits a deceptive act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.02(A).

11. A supplier who in connection with a consumer transaction fails to provide in advance to the consumer, when anticipated repairs exceed $25, a written estimate of the cost to the consumer of the anticipated repairs, the basis upon which the charge to the consumer will be made, and the reasonably expected completion date of such repairs, including any charge for reassembly of any parts disassembled for inspection or any service charge to be imposed commits a deceptive act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.02(A). This also specifically violates the Ohio Director of Commerce's Substantive Rule COcp-3-01.05(A)(1).

12. Where a supplier has legal obligations to con-

sumers, and where there are no valid legal defenses for not performing those obligations, a supplier who avoids or attempts to avoid those obligations commits a deceptive act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.02(A).

13. A supplier in connection with a consumer transaction who consistently maintains a pattern of inefficiency, incompetency, or continually stalls and evades his legal obligations to consumers, commits an unconscionable act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.03(A), providing an adequate legal basis for the award to the consumer of punitive damages in an action where such damages have been requested from the court.

14. Where a supplier in connection with a consumer transaction knowingly takes advantage of the inability of the consumer reasonably to protect his interests because of his physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of an agreement, the supplier commits an unconscionable act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.03(A).

15. Where a supplier in connection with a consumer transaction knows at the time the consumer transaction was entered into of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction, the supplier commits an unconscionable act and practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.03(A).

16. Where a supplier in connection with a consumer transaction knowingly makes a misleading statement of opinion on which the consumer is likely to rely to his detriment, the supplier commits an unconscionable act or practice in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.03(A).

### ADDITIONAL CONCLUSIONS OF LAW FOR INTERVENORS

17. Harold Kenneth Lyons committed deceptive and unconscionable acts and practices in connection with con-

sumer transactions in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.01 *et seq.*, entitling each of the named plaintiffs herein to their actual damages as a result of these deceptive and unconscionable acts under R. C. 1345.09.

18. Harold Kenneth Lyons consistently maintained a pattern of inefficiency, incompetency, and continually stalled and evaded his legal obligations to plaintiffs-intervenors, in violation of the Ohio Consumer Sales Practices Act, R. C. 1345.03(A), entitling each of the plaintiffs-intervenors herein to punitive damages in the amount of two hundred fifty dollars ($250) each.

19. Harold Kenneth Lyons failed to honor the express and implied warranties made in connection with the sale of good to plaintiffs-intervenors. As a result of this failure, these plaintiffs are entitled to their actual damages under R. C. 1302.88.

*Judgment accordingly.*