DANIELS *v.* TRUE, D.B.A. ACME
HEATING AND CONSTRUCTION, ET AL.

(No. 86 CV 39690—Decided
December 9, 1988.)

Hamilton County Municipal Court.

*Roger R. Chacksfield,* for plaintiff.
*Lee B. Kasson, Jr.,* for defendants.

MARK P. PAINTER, J. This case was tried to the court on plaintiff's complaint, alleging, *inter alia,* violations of the Ohio Consumer Sales Practices Act, R.C. Chapter 1345. Plaintiff also alleges that the defendants have engaged in a "pattern of corrupt activity," in violation of the Ohio "RICO" Act, R.C. 2923.31 *et seq.*

## I Facts

The evidence established that on July 12, 1986, defendant Ralph True entered into a contract with the plaintiff, Otis Daniels (on a contract form captioned "Acme Heating & Construction"), for the construction of a garage on the Danielses' property. The contract price was $3,600. True requested and received a cash down payment, or deposit, in the sum of $2,000.

Defendant agreed to start work within the next two weeks and to complete the work within three to four weeks thereafter. After myriad telephone calls from Daniels attempting to get True to begin the work, True appeared and did a minimal amount of the work sometime during the first week of September 1986. True, however, states that the work was done in November, after a building permit was issued. When further efforts by Daniels to have this work completed, including an in-person discussion with True in October 1986, failed to resolve the matter, this action was instituted.

The evidence also shows that defendant True had previously been convicted by another judge of this court for consumer fraud, under Section 825.26 of the Cincinnati Municipal Code, that he was placed on probation from November 21, 1985 until September 30, 1986, and that one of the conditions of probation was that "* * * defendant may not accept any money for jobs until they are completed." Quite obviously, defendant violated that condition of his probation, but the violation did not come to light until after the probation period had expired.

Additionally, the defendant (1)

used a contract form designated "Acme Heating & Construction, Inc." although no such corporation exists, nor had defendant made a fictitious name filing with the Ohio Secretary of State's office, as required by R.C. 1329.01, and (2) listed his address at a location he had not occupied for over three years.

### II Violation of R.C. 2923.31 *et seq.*, Ohio's "RICO" Act

The allegations contained in plaintiff's amended complaint against defendant Mary True, wife of defendant Ralph True, are that, she "knew, had reason to know, or should have known that the defendant Ralph True was engaged in unfair, deceptive and unconscionable acts and practices in conducting the business known as Acme Heating and Construction Company and that she facilitated these activities and derived benefit from these activities." Plaintiff contends that these activities violate the Ohio "RICO" Act, R.C. 2923.31 *et seq.*, and subject defendant Mary True to the civil penalties and forfeitures contained therein.

The court finds that there is not sufficient evidence to bring defendant Ralph True's conduct within the purview of R.C. 2923.32, as the plaintiff has failed to demonstrate a "pattern of corrupt activity." Also, the court simply does not believe that the "RICO" Act should be used in this type of situation, especially considering that the legislature has, in the Consumer Sales Practices Act, amply provided remedies for the transgressions proven here.

The only evidence linking defendant Mary True, who is a full-time employee of a local pizza establishment, to this case consists of the following: (1) she is defendant Ralph True's wife; (2) she sometimes answers the phone at the couple's residence, which also serves as her husband's business address; and (3) she assumedly derives benefit from her husband's earnings. Were the court to consider the above facts sufficient to hold a spouse liable for all the possible business transactions of the other spouse, the institution of marriage would be even more trepidatious than at present, a condition perhaps difficult to imagine. This court declines to hold defendant Mary True liable herein.

### III Violation of R.C. Chapter 1345, Consumer Sales Practices Act

R.C. 1345.02(A) prohibits unfair or deceptive consumer sales practices: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." The defendant is a "supplier" as defined by R.C. 1345.01(C); the plaintiff is a "consumer" as defined by R.C. 1345.01(D); and the agreement between the parties is a "consumer transaction" as contemplated in R.C. 1345.01(A). See *Sinkfield* v. *Strong* (1987), 34 Ohio Misc. 2d 19, 517 N.E. 2d 1051. Furthermore, R.C. 1345.03(A) prohibits unconscionable consumer sales practices: "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." Finally, R.C. 1345.09(B), private remedies, states: "Where the violation was an act or practice * * * determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the

Revised Code, the consumer may * * * recover * * * three times the amount of his actual damages * * *." Additionally, R.C. 1345.09(F)(2) provides the statutory authority for awarding reasonable attorney fees for the prevailing consumer if "[t]he supplier has knowingly committed an act or practice that violates this chapter."

True's conduct in accepting the $2,000 deposit without indicating a refund policy has been held a deceptive act or practice under Ohio Adm. Code 109:4-3-07. *Bierlein* v. *Alex's Continental Inn, Inc.* (1984), 16 Ohio App. 3d 294, 16 OBR 325, 475 N.E. 2d 1273; *Riley* v. *Enterprise Furniture Co., Inc.* (1977), 54 Ohio Misc. 1, 7 O.O. 3d 271, 375 N.E. 2d 821.

The court in *Brown* v. *Lyons* (1974), 43 Ohio Misc. 14, 72 O.O. 2d 216, 332 N.E. 2d 380, held:

"* * * A supplier who in connection with a consumer transaction accepts monies from consumers for goods or services and then allows an unreasonable length of time to elapse without: * * * (b) making full refund; or * * * (c) advising the consumer of the duration of an extended delay and offering to send him a refund within a reasonable length of time if so requested * * * commits a deceptive act and practice in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02(A). * * * Where a supplier has legal obligations to consumers, and where there are no valid legal defenses for not performing those obligations, a supplier who avoids or attempts to avoid those obligations commits a deceptive act and practice in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.02(A)." *Brown, supra,* at 20-21, 72 O.O. 2d at 219, 332 N.E. 2d at 385-386.

"* * * A supplier in connection with a consumer transaction who consistently maintains a pattern of inefficiency, incompetency, or continually stalls and evades his legal obligations to consumers, commits an unconscionable act and practice in violation of the Ohio Consumer Sales Practices Act, R.C. 1345.03(A), providing an adequate legal basis for the award to the consumer of punitive damages in an action where such damages have been requested from the court." *Brown, supra,* at 21, 72 O.O. 2d at 220, 332 N.E. 2d at 386.

The pattern of conduct in *Brown* that the court held was indicative of an unconscionable sales practice can also be found in True's action in being inefficient, incompetent and dilatory and in continually stalling and evading his legal obligations. True falsely held himself out as a corporation, listed his business address at a location he had not occupied for over three years, and failed to respond to repeated phone calls and messages regarding the consumer transaction.

The court finds that defendant Ralph True's actions were unfair and deceptive, in violation of R.C. 1345.02(A), and unconscionable, in violation of R.C. 1345.03(A). The only real issues remaining are: (1) whether plaintiff is entitled to treble damages, and (2) whether plaintiff is entitled to attorney fees.

### IV Treble Damages

Since the defendant's culpability under R.C. 1345.02(A) and 1345.03(A) has been settled, all that remains is the question of damages. The plaintiff seeks treble damages under R.C. 1345.09(B). The prerequisites for treble damages are clearly stated in *Sinkfield* v. *Strong, supra* (34 Ohio Misc. 2d) at 21, 517 N.E. 2d at 1053. R.C. 1345.09(B) provides that a plaintiff is entitled to treble damages if it can be shown that: (1) the act or practice complained of has been determined by a court of this state to violate R.C. 1345.02 or 1345.03; and (2) the

act or practice was committed after the decision containing the determination was made available for public inspection by the Attorney General pursuant to R.C. 1345.05(A)(3).

The prerequisites have been met in that *Brown, supra,* was made part of the public inspection file of the Attorney General's office under R.C. 1345.05(A)(3) prior to 1979. *Mihailoff v. Ionna* (May 6, 1987), Hamilton App. No. C-860040, unreported. The *Brown* case should have given defendant fair warning in advance about deceptive and unconscionable practices that may lead to treble damages.

More importantly, defendant had already been previously convicted of consumer fraud and placed on probation on the very condition that "* * * defendant may not accept any money for jobs until they are completed." Obviously, the defendant has shown flagrant disregard for the law, the rights of consumers, and the order of this court.

## V Attorney Fees

As to the issue of attorney fees, R.C. 1345.09(F)(2) limits recovery of attorney fees to those situations where the supplier has "knowingly" committed an act or practice that violates the Consumer Sales Practices Act. In *Bierlein* v. *Alex's Continental Inn, Inc., supra,* paragraph three of the syllabus, it was held that actual knowledge was required. However, the court in *Sinkfield* held that attorney fees may be assessed even "if it can be established that the defendant knowingly committed an act which is subsequently determined to violate the Consumer Sales Practices Act * * *." *Sinkfield* v. *Strong, supra* (34 Ohio Misc. 2d) at 21, 517 N.E. 2d at 1053.

Whether this court would apply the standard of actual knowledge that the specific conduct violated the statute, as required in *Bierlein,* or were we to adopt the broad standard of *Sinkfield,* requiring only that the defendant knowingly committed an unconscionable act, the result is the same.

There is absolutely no question that defendant was actually aware that his actions were unlawful, and that he knowingly committed acts which have been determined to violate the Consumer Sales Practices Act.

## VI Conclusion

Pursuant to R.C. 1345.09(B) and 1345.09(F)(2) the court grants treble damages and reasonable attorney fees for the defendant's deceptive and unconscionable acts in violation of R.C. 1345.02(A) and 1345.03(A) of the Consumer Sales Practices Act.

Therefore, judgment will be granted as follows: (1) against defendant Ralph True in the sum of $6,000, plus costs and statutory interest; (2) for defendant Mary True on all counts; (3) reasonable attorney fees are awarded to the plaintiff pursuant to R.C. 1345.09(F)(2). The plaintiff is afforded seven days from the journalization of this entry to file with the court a fee bill which meets the requirements set forth in *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85, 2 O.O. 3d 65, 355 N.E. 2d 894, and to serve a copy of said fee bill on the defendant. The defendant shall have seven days from the receipt of the fee bill to file his objections and/or exceptions thereto with the court.

*Judgment accordingly.*