OPINION
In an accelerated appeal, defendant-appellant, Greg Vandemark dba Used Car Supermarket, appeals the decision of the Clermont County Municipal Court granting treble damages to plaintiffs-appellees, Charles Fribourg and his wife, Judy Fribourg. We affirm.
On March 29, 1994, the parties entered into a written lease agreement for a 1989 Chevrolet Beretta. The vehicle leased to appellees was represented and marked as a Beretta GT. In fact, the vehicle leased to appellees by appellant was not a Beretta GT but rather, a standard Beretta. Appellant was aware that the leased vehicle was not a GT model but misled appellees by leaving a GT emblem on the vehicle. Expert testimony presented at trial established that the difference in value between a standard Beretta and a Beretta GT ranges from $800 to $1,000.
On November 29, 1995, appellees filed a complaint in the trial court alleging that the foregoing acts by appellant violated the Ohio Consumer Sales Practices Act as codified under R.C. Chapter 1345, and that as a result, appellees were entitled to treble damages and attorney fees pursuant to R.C. 1345.09. By decision filed July 7, 1997, the magistrate found that appellant's acts violated the Ohio Consumer Sales Practices Act. The magistrate awarded appellees attorney fees and $800 in compensatory damages which he tripled to $2,400.
Appellant objected, inter alia, to the magistrate's award of treble damages. A hearing was subsequently held on September 1, 1998 during which, in support of their treble damages claim, appellees successfully introduced into evidence the case of Brownv. Lyons (C.P. 1974), 43 Ohio Misc. 14. No further testimony or evidence was submitted by appellees in support of their treble damages claim. By decision filed September 8, 1998, the magistrate once again increased the $800 compensatory damages to $2,400. The magistrate specifically found that "the act or practice declared to be deceptive was an act or practice determined [in Brown v. Lyons] to violate [R.C.] 1345.02 and was committed after the decision containing the determination had been made available for public inspection." On January 11, 1999, the trial court adopted the magistrate's decision, in particular the magistrate's reliance on Brown v. Lyons in awarding treble damages, and granted judgment in favor of appellees.
In his sole assignment of error, appellant challenges the trial court's award of treble damages on the ground that appellees failed to provide the trial court with any evidence that Brown v.Lyons was ever made part of the public inspection file of the attorney general's office as required under R.C. 1345.05(A)(3).
R.C. 1345.09(B) governs treble damages and provides that
 Where the violation was an act or practice declared to be deceptive or unconscionable under [R.C. 1345.05(B)(2)] before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate [R.C.] 1345.02 or 1345.03 * * * and committed after the decision containing the determination has been made available for public inspection under [R.C. 1345.05(A)(3)], the consumer may * * * recover * * * three times the amount of his actual damages * * *.
R.C. 1345.05(A)(3) in turn provides that the attorney general shall "[m]ake available for public inspection * * * all judgments, including supporting opinions, by courts of this state that determine the rights of the parties * * *, determining that specific acts or practices violate [R.C. 1345.02 or 1345.03]."
In awarding treble damages to appellees, both the magistrate and the trial court relied on the language in R.C. 1345.09(B) that "the violation was an act or practice determined by a court of this state to violate [R.C.] 1345.02 or 1345.03 * * * and committed after the decision containing the determination has been made available for public inspection * * *." The record clearly shows, however, that apart from successfully introducing Brown v. Lyons
into evidence, appellees never presented any evidence that this particular decision was ever made part of the public inspection file of the attorney general's office as clearly required under R.C. 1345.09(B) or 1345.05(A)(3).[1] We therefore find that the trial court erred in awarding treble damages based upon the foregoing language of R.C. 1345.09(B).
That does not end our analysis however. R.C. 1345.09(B) also allows treble damages "[w]here the violation was an act or practice declared to be deceptive * * * by rule adopted under [R.C.1345.05(B)(2)] before the consumer transaction on which the action is based * * *." The Attorney General of Ohio has enacted and promulgated rules to implement and define various deceptive acts and trade practices pursuant to delegated authority contained in R.C. 1345.05(B) and R.C. Chapter 119. These are set forth in the Ohio Administrative Code. The section which most closely applies to the case at bar is Ohio Adm. Code 109:4-3-16(B)(3), which provides that it is "a deceptive and unfair act or practice for a dealer * * * to [u]se any statement, layout, or illustration in any advertisement or sales presentation which could create in the mind of a reasonable consumer a false impression as to any material aspect of said advertised or offered vehicle, or to convey or permit an erroneous impression as to which vehicles are offered for sale at which prices." "`Purchase' includes the lease of a motor vehicle." Ohio Adm. Code 109:4-3-16(A)(15).
Upon reviewing the record, we find that appellant's act of falsely representing and marking the vehicle in question as a Beretta GT in order to mislead appellees in believing they were leasing a Beretta GT is a deceptive act under Ohio Adm. Code109:4-3-16(B)(3), which in turn entitles appellees to treble damages under the first part of R.C. 1345.09(B). We therefore find that the trial court properly awarded treble damages to appellees. We note that we have affirmed the trial court's judgment, but for different reasons than those set forth by the trial court. A reviewing court passes only upon the correctness of the judgment, not the reasons therefor. Joyce v. GeneralMotors Corp. (1990), 49 Ohio St.3d 93, 96. Thus, an appellate court must affirm a trial court's judgment if upon review any valid grounds are found to support it. Id. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] While the trial court correctly cites to three Ohio cases for the proposition that Brown v. Lyons was made part of the public inspection file of the attorney general's office, those cases were not provided to the magistrate or the trial court by appellees. Thus, appellees have not met the requirements of R.C.1345.09(B) or 1345.05(A)(3). In addition, we have not found, and appellees have not cited any cases for the proposition that by merely being a published case, the case was made part of the public inspection file of the attorney general's office.