DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff Fit `N' Fun Pools, Inc., has appealed from an order of the Wayne County Municipal Court that granted judgment in favor of appellees-defendants Donald and Darlene Shelly. This Court affirms in part, and reverses in part.
 I.
Appellees Donald and Darlene Shelly entered into a contract with appellant for the installation of an indoor in-ground pool. After the pool was constructed and filled with water, but before appellant had completed the job, appellant billed the Shellys for the balance due. The Shellys refused to pay.
Appellant filed a complaint against the Shellys for recovery of the balance due plus interest and for monies due for additional items that the Shellys had allegedly requested. The Shellys counterclaimed alleging breach of contract, breach of implied warranty, unjust enrichment, and numerous violations of the Ohio Consumer Sales Practices Act ("OCSPA"). The Shellys also pleaded for declaratory judgment on all claims.
The case was tried to a jury. After answering a number of interrogatories, the jury returned a general verdict in favor of appellant for the balance due on the contract, and a general verdict in favor of the Shellys.
Subsequently, the court held a hearing on the Shellys' claim for attorney fees and treble damages under the OCSPA. The court awarded the Shellys ninety percent of the requested attorney fees, and tripled the damage award.
Appellant filed a motion for a new trial, which the trial court denied. Appellant now appeals to this Court, asserting four assignments of error.
 II.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW UNDER THE PLAIN-ERROR DOCTRINE BY ACCEPTING THE JURY'S VERDICT IN FAVOR OF DEFENDANTS AND ENTERING JUDGMENT THEREON WHERE THE JURY ANSWERED INTERROGATORIES RELATING THERETO WHICH WERE CLEARLY INCONSISTENT.
 In its first assignment of error, appellant claims that the inconsistencies in the jury interrogatories amounted to plain error. We disagree.
Appellant has the burden of demonstrating irreconcilability, Hogan v.Finch (1966), 8 Ohio St.2d 31, and faces a judicial mandate that every reasonable effort be made to reconcile them. Klever v. Reid Bros.Express, Inc. (1949), 151 Ohio St. 467 ("It is the duty of a court to harmonize, if possible, a special finding of a jury with its general verdict.")
The trial court submitted a number of interrogatories to the jury and two general verdict forms: one verdict form on appellant's action for recovery of the balance due plus interest, and the other for the Shellys' counterclaims of breach of contract, breach of implied warranty, unjust enrichment, and for violations of the OCSPA. The jury entered a general verdict for appellant on its claim, and a general verdict in favor of the Shellys on their counterclaims. Appellant takes issue with the answers to the following interrogatories:
JURY INTERROGATORY NO. 8
 Have the Shellys proven by a greater weight of the evidence that Fit `N' Fun Pools failed to construct the indoor in-ground pool in a workmanlike manner using ordinary care and skill of a skilled workman? Answer Yes or No ____
JURY INTERROGATORY NO. 15
 Have the Shellys proven by a greater weight of the evidence that Fit `N' Fun Pools failed to perform work on the indoor in-ground pool in a workmanlike manner? Answer Yes or No ___
 Appellant contends that both interrogatories "have the same subject matter-whether [appellant] performed in a workmanlike manner." Because the jury answered no to number 8 and yes to number 15, appellant asserts that it was plain error for the trial court to enter judgment in favor of the Shellys based on the answer to interrogatory number 15.
We find that the jury's answers were not inconsistent. Interrogatory number 8 states that appellant "failed to construct the indoor in-ground pool in a workmanlike manner," while number 15 states that appellant "failed to perform work on the indoor in-ground pool in a workmanlike manner." (Emphasis added.) Although both interrogatories speak to the standard "workmanlike manner," the jury could have interpreted each interrogatory to refer to different acts of appellant.
Webster's Third New International Dictionary (1993) 489, defines construct as: "to form, make, or create by combining parts or elements: BUILD, FABRICATE." Perform is defined as "to adhere to the terms of: treat as an obligation: IMPLEMENT, FULFILL * * * to bring to a finished state: COMPLETE." Id. at 1679.
The jury reviewed a videotape of the Shellys' pool. Donald Shelly testified that the pool worked beautifully. The Shellys contended, however, that appellant did not perform the contract in that appellant failed to supply a solar reel, failed to install a flue, improperly repaired a hose, provided the Shellys with a used vacuum hose, improperly installed the ladders, shot gravel all over the floor, provided the wrong texture for the pool bottom, failed to satisfactorily level the pool, improperly installed the backwash hose, provided a defective earth filter, and only provided fifteen (15) minutes of pool operation instruction. Therefore, the jury could have concluded that although the pool was built or constructed in a workmanlike manner, the work was not completed or performed in a workmanlike manner.
Accordingly, we find that the interrogatory answers and the general verdict are not inconsistent and may be reconciled.
Appellant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT PLAINTIFF HAD COMMITTED AN UNFAIR OR DECEPTIVE SALES PRACTICE UNDER [R.C.] 1345.02.
 In its second assignment of error, appellant avers that the trial court "invaded the province of the jury" by entering judgment on the Shelly's OCSPA claim, and that therefore, the judgment for treble damages and attorney fees should be reversed. This Court disagrees.
Appellant contends that the trial court, not the jury, decided whether appellant had committed a violation of the OCSPA. In support, appellant quotes a sentence from the trial court's final judgment: "The jury made no finding that [appellant] committed any specific act under R.C.1345.02(B) or 1345.03." However, appellant has reproduced this sentence out of context.
The trial court awarded the Shellys relief in the form of treble damages and attorneys fees under the OCSPA based upon the jury's general verdict and interrogatories. The court instructed the jury:
 The Shellys next claim that Fit `N' Fun Pools failed to perform its obligations under the contract in a workmanlike manner.
* * *
 If you find that by the greater weight of the evidence that Fit `N' Fun Pools committed any of these acts as claimed by the Shellys then you are instructed that as a matter of law such acts constitute deceptive sales practices.
 Further, the jury interrogatories asked whether the jury found that the Shellys proved by a greater weight of the evidence that appellant had failed to perform the work in a workmanlike manner. The jury answered in the affirmative.
Appellant does not contend that the jury instructions or interrogatories were improper, nor did appellant object to either in the court below. In context, the trial court stated:
 This matter came on for consideration on the [Shellys'] motion for attorney fees following the trial of this matter wherein the jury found that the [appellant] failed to perform work on the installation of the [Shellys'] indoor in-ground swimming pool in a workmanlike manner. (See jury interrogatory No. 15). The jury determined that the [Shellys] were damaged in the amount of $886.00 by [appellant's] actions. The [Shellys] have now filed for an award of attorney fees pursuant to R.C. 1345.09(F)(2).
 Also pending is the determination of the [Shellys'] entitlement to treble damages pursuant to R.C. 1345.09(B).
 The [Shellys'] claim for attorney fees arises from their claim that the [appellant's] failure to perform the work in question in a workmanlike constitutes an "unfair or deceptive sales practice" under R.C. 1345.02. The [Shellys] have correctly pointed out that a contractor's unworkmanlike performance of its contractual obligations can be the basis of a violation of R.C. 1345.02(A) even though the contractor's actions do not meet any of the specific definitions set forth in 1345.02(B). Tucker Construction, Inc. v. Kitchen (March 1, 1995), Summit App. No. 16636, unreported; Lockard v. Kno-Ho-Co Community Action comm., Inc. (September 20, 1993), Coshocton App. No. 92-CA-21, unreported; DK Roofing, Inc. v. Pleso (June 8, 1990), Trumbull App. No. 88-T-4155, unreported. The jury in the instant case has made a finding that [appellant] failed to perform work on the [Shellys'] swimming pool in a workmanlike fashion. The [Shellys] have, therefore, established their right of recovery of damages under the terms of [OCSPA] (R.C. 1345.01, et.seq.).
 The [Shellys'] claim for treble damages is governed by R.C. 1345.09(B)[.] * * *
 The jury made no finding that [appellant] committed any specific act under R.C. 1345.02(B) or 1345.03.
Therefore, the [Shellys'] claim for treble damages must rest on the judicial decisions cited above. R.C. 1345.09 provides that those decisions can be the basis of a treble damage claim only if the act(s) of [appellant] occurred after the decision(s) were made available for public inspection by the Ohio Attorney General pursuant to R.C. 1345.05(A)(3).
(Emphasis added.)
 The jury was charged with the responsibility "to weigh the evidence, determine if liability existed, and if so, to determine the measure of actual damages caused * * *. Once the jury made those determinations, the trial court was obligated to consider whether the instant claims were of the type subject to treble damages[.]" Inserra v. J.E.M. Bldg. Corp. (Nov. 22, 2000), Medina App. No. 2973-M, unreported. Accordingly, the court in the instant case "did not submit to the jury the issue of treble damages pursuant to the statute because that issue is one of law, which falls within the province of the judge." Id., citing Armstrong v. Kittinger (Sept. 21, 1994), Summit App. No. 16124, 16378, unreported.
Appellant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY TAKING JUDICIAL NOTICE OF PUBLIC RECORD OF ATTORNEY GENERAL FOR PURPOSES OF AWARDING TREBLE DAMAGES.
 In the third assignment of error, appellant does not contest the trial court's finding that the Shelly's "established their right to recovery of damages under the terms of [the OCSPA]." Rather, appellant avers that the trial court erred in granting treble damages because the court erroneously took judicial notice that certain cases were made available for public inspection under R.C. 1345(A)(3) prior to the date on which appellant and the Shellys entered into the contract. This Court agrees.
Treble damages may be assessed against a party under R.C. 1345.09(B), when the violation was either (1) an act expressly enumerated as deceptive or unconscionable under R.C. 1345.05(B)(2), or (2) has been previously determined by an Ohio court to violate R.C. 1345.02 or 1345.03 "and committed after the decision containing the determination has beenmade available for public inspection under [R.C. 1345.05(A)(3)]." (Emphasis added.) R.C. 1345.09(B).
The trial court, in its final judgment entry, found that the Shellys proved that case law existed that showed that the act appellant committed violated either R.C. 1345.02 or 1345.03. The court stated, however, that the Shellys failed to present evidence that those cases had been made available for public inspection. Therefore, the court took judicial notice that the cases were "made available for public inspection under [R.C. 13245.(A)(3)] prior to the date on which the parties to the instant matter entered into the contract which is the subject of this lawsuit[,]" and granted the Shellys treble damages under R.C. 1345.09(B).
We find that the trial court erred in taking judicial notice that Ohio cases which determined certain acts to violate R.C. 1345.02 or 1345.03 had been made available for public inspection in accordance with R.C.1345.09(B). We acknowledge that such fact may be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). However, if an act has not been expressly enumerated as deceptive or unconscionable under R.C.1345.05(B)(2), R.C. 1345.09(B) places a two part burden upon a party praying for treble damages: (1) the party must establish that an Ohio case has determined the act to violate R.C. 1345.02 or 1345.03, and (2) that the case had been made available for public inspection under R.C.1345.05(A)(3). See Gross v. Bildex, Inc. (1994), 68 Ohio Misc.2d 65,73, and Daniels v. True (1988), 47 Ohio Misc.2d 8, 9 (both articulating that the test is a two part test).
The Shellys did not request the court to take judicial notice. In fact, judicial notice was not mentioned during the hearing on the Shellys' claim for treble damages. Instead, the court apparently decidedsua sponte to take judicial notice of an element of the Shellys' claim in its deliberations, thereby depriving appellant of the right to object or to hold a hearing. The "Ohio Rules of Evidence require that when one party disputes facts of which the court takes judicial notice, procedural fairness requires that a hearing be held to discuss the facts." State v.Spitzer (Jan. 26, 2000), Medina App. No. 2848-M, unreported, citing Weissenberger, Ohio Evidence (1997) 47-48, Section 201.6.
Accordingly, because the Shellys failed to prove that they were entitled to treble damages, we vacate the award. Appellant's third assignment of error is sustained.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN AWARDING DEFENDANTS' ATTORNEY FEES IN THE AMOUNT OF $11,477.25 BASED UPON THE EVIDENCE.
 In its fourth assignment of error, appellant asserts that the trial court erred in its award of attorney fees. This Court disagrees.
Appellant does not contest the trial court's finding that appellant had acted "knowingly." Nor does appellant challenge the reasonableness of the fees submitted by the Shellys' attorney. Rather, appellant submits that the award is improper because it compensates the Shellys' attorney for work performed on the Shellys' counterclaims for which appellant was the prevailing party. The Shellys argue that the award was proper because the fees were billed for services in connection with the Shellys' "own defense of [a]ppellant's breach of contract action, their own breach of contract action, breach of implied warranty, unjust enrichment and violations of the [OCSPA, which] all dealt with the same operative facts that [a]ppellant's work on the project was substandard, i.e., unworkmanlike." The Shellys further state that they developed and presented this evidence "in both their defense of [a]ppellant's breach of contract and their other counterclaims."
R.C. 1345.09(F)(2) permits a court to award the prevailing party "reasonable attorney's fee limited to the work reasonably performed, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." An award of attorney fees under R.C. 1345.09(F)(2) is discretionary. Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27; R.C. 1345.09(F)(2) (providing that a court "may award" attorney fees). Therefore, our standard of review is limited to whether the trial court abused its discretion in awarding attorney fees. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In support of their claim for attorney fees, the Shellys' attorney submitted reports detailing the amount of time they spent preparing for trial. During the fee award hearing, they presented testimony regarding the number of hours worked and their hourly rates of recompense. One of the Shellys' attorneys testified that the $12,750.50 was the total bill submitted to the Shellys, which included the costs of defending appellant's breach of contract claim as well as prosecuting each of the Shellys' counterclaims. The trial court found:
 [Appellant] argues that not all of the fees billed to the [Shellys] are attributable to the defendants' prosecution of their counterclaim under R.C. Chap[ter] 1345. However, most of the defense to [appellant's] claim and the various counterclaim theories advanced by the [Shellys] assert, in essence, that [appellant] failed to perform its contract in a workmanlike manner. The court concludes that ninety percent (90%) of the attorney fees billed to the [Shellys] by their counsel are connected to the claim that [appellant] failed to perform in a workmanlike manner.
 We find that the trial court's award was not unreasonable, arbitrary, or unconscionable. It is true that "most of the defense to [appellant's] claim and the various counterclaim theories advanced by the [Shellys] assert, in essence, that [appellant] failed to perform its contract in a workmanlike manner." Attorney fees can be awarded for prosecuting claims related to an OCSPA claim where the claims cannot be easily separated. See Haynes v. Zoological Soc. of Cincinnati (Dec. 22, 1993), Hamilton App. Nos. C-910598 and C-910635, unreported (holding that it was not an abuse of discretion to award attorney fees and costs expended in prosecuting claims outside the whistleblower statute because the "claims all arose from a `common nucleus of operative facts.'" Id., citing Doe v. Cuddy (1985), 21 Ohio App.3d 270).
Accordingly, appellant's fourth assignment of error is overruled.
 II.
Appellants first, second, and fourth assignments of error are overruled, the third is sustained.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 ___________________________ DONNA J. CARR
BAIRD, P. J., SLABY, J., CONCUR.