BROWN ET AL., APPELLANTS, *v.* LIBERTY CLUBS, INC., APPELLEE.

[Cite as Brown *v.* Liberty Clubs, Inc. (1989), 45 Ohio St. 3d 191.]

(No. 88-793—Submitted April 11, 1989—Decided September 6, 1989.)

*Ronald L. Burdge,* for appellants.
*Ralph A. Henderson,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, *Ric S. Sheffield* and *Dianne Goss Paynter,* urging reversal for *amicus curiae,* Consumer Protection Division.

SWEENEY, J. All parties correctly agree that the Consumer Act has no application in a "pure" real estate transaction. However, the determinative issue before us is one of first impression and asks whether R.C. Chapter 1345, the Ohio Consumer Sales Practices Act, is applicable to the personal property or services portion of a "mixed" transaction that also involves the sale of real estate. Since we believe that this issue must be answered in the affirmative, we reverse the decision of the court of appeals below in this respect.

Appellants contend that since personal property was involved in their purchase of real estate from appellee, they are entitled to the protection afforded by the Consumer Act.

Appellee, on the other hand, argues that the offering of a gift or prize in the advertisement and/or solicitation of a sale of real estate should not transform the character of the transaction into a "consumer transaction" as defined in R.C. 1345.01(A).

The applicable definitional section of the Consumer Act, R.C. 1345.01, provided in relevant part:

"As used in sections 1345.01 to 1345.13 of the Revised Code:

"(A) 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, except those transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, those between attorneys, physicians, or dentists and their clients or patients, or those between veterinarians and their patients that pertain to medical treatment but not ancillary services, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

In reviewing the underlying facts of this cause, we note that the appellee sent a direct mail solicitation to appellants and made the representation that it would reward them with one of a number of "gifts" if appellants would visit the Libertytree Subdivision. Upon visiting the subdivision, the appellants did receive a "gift," *i.e.,* a set of steak knives. We find that under a plain reading of the language of R.C. 1345.01(A), the solicitation and transfer of the steak knives to appellants constituted a "consumer transaction." Since the solicitation here was deceptive, as found by the trial court, it violated Ohio Adm. Code 109:4-3-06 (the prize rule),[2] which as a

---

[2] Ohio Adm. Code 109:4-3-06, entitled "Prizes," provides as follows:

"(A) It shall be a deceptive act or practice in connection with a consumer trans-

consequence violated the Consumer Act. Therefore, it would appear that appellants are entitled to recover under the remedial sections of the Consumer Act.

The court of appeals below opined that this case involved a "simple and ordinary sale of real estate to which the consumer act does not apply." It was the appellate court's view that the transfer of steak knives was merely a "promotional gimmick" that did not change the nature of the real estate transaction in any manner whatsoever.

We find this reasoning to be inaccurate because it fails to recognize that first, the mailing of the deceptive brochure did cause appellants to visit the subdivision where they subsequently purchased real property; and second, it was reasonably foreseeable that the brochure would in fact induce appellants to visit the subdivision. Once appellants presented themselves at the Libertytree Subdivision, they were, as found by the trial court, fraudulently induced to enter into a land contract for which reason they suffered monetary damages. Since the foregoing events were so inextricably intertwined, we find that the Consumer Act must be applied, even though the major portion of the instant transaction was the sale of real estate. In any

---

action for a supplier to in any way notify any consumer or prospective consumer that he has:

"(1) Won a prize or will receive anything of value, or

"(2) Been selected, or is eligible, to win a prize or receive anything of value, if the receipt of the prize or thing of value is conditioned upon the consumer's listening to or observing a sales promotional effort or entering into a consumer transaction, unless the supplier clearly and explicitly discloses, at the time of notification of the prize, that an attempt will be made to induce the consumer or prospective consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction. The supplier must further disclose the market value of the prize or thing of value, that the prize or thing of value could not benefit the consumer or prospective consumer without the expenditure of the consumer's or prospective consumer's time or transportation expense, or that a salesman will be visiting the consumer's or prospective consumer's residence, if such is the case.

"(B) A statement to the effect that the consumer or prospective consumer must observe or listen to a 'demonstration' or promotional effort in connection with a consumer transaction does not satisfy the requirements of this rule, unless the consumer or prospective consumer is told that the purpose of the demonstration is to induce the consumer or prospective consumer to undertake a monetary obligation irrespective of whether that obligation constitutes a consumer transaction.

"(C) The following example illustrates a violation of this rule as a result of lack of disclosure relative to a promotional presentation which is not a consumer transaction:

"A free vacation is offered in connection with the purchase of a set of encyclopedias. All disclosures required by this rule are made except that during the vacation the consumer is required to observe a sales presentation for real estate. An offer to sell real estate is not a consumer transaction, but it is an attempt to induce the consumer to undertake a monetary obligation, and such attempt was initiated in connection with a consumer transaction (the sale of encyclopedias).

"(D) It shall be a deceptive act or practice in connection with a consumer transaction for a supplier to in any way notify any consumer or prospective consumer that he has:

"(1) Won a prize or will receive anything of value, or

"(2) Been selected, or is eligible, to win a prize or receive anything of value, if the receipt of the prize or thing of value is conditioned upon the payment of a service charge, handling charge, mailing charge, or other similar charge."

event, we believe that a solicitation such as the instant one, offering to transfer or award goods to a consumer, will usually, in and of itself, constitute a consumer transaction for the purpose of R.C. 1345.01, regardless of the nature of the underlying transaction.

Therefore, we hold that the Consumer Sales Practices Act, embodied in R.C. Chapter 1345, is applicable to the personal property or services portion of a mixed transaction involving both the transfer of personal property or services, and the transfer of real property.

In our view, a contrary finding would manifestly lead to undesirable results. In essence, an affirmance of the court of appeals in this context would encourage real estate developers to use unfair, misleading and deceptive solicitation methods to entice potential purchasers to the developers' properties and to then cloak themselves with complete immunity from the Consumer Act. Clearly, such a result was not intended by the General Assembly in its passage of the Consumer Act, and this is precisely why the appellants herein must be permitted to recover thereunder.

Accordingly, the judgment of the court of appeals is reversed with respect to the applicability of the Consumer Act and the judgment of the trial court awarding damages to appellants thereunder is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., concur in part and dissent in part.

HOLMES, J., concurring in part and dissenting in part. I am in agreement with the basic holding of the majority here, but also believe, as does Justice Wright, that the syllabus law set forth is much too broad. I therefore join Justice Wright in his dissenting commentary and propose that the syllabus of this case should read as follows:

"The Consumer Sales Practices Act, embodied in R.C. Chapter 1345, is applicable to the personal property or services portion of a mixed transaction involving both the transfer of personal property or services and the transfer of real property, where such transfers are inextricably intertwined and a consumer is found to have been deceived into undertaking the total transaction by virtue of the offer of the personal property or services portion of the transaction."

WRIGHT, J., concurring in part and dissenting in part. I concur in the majority's conclusion that the Consumer Sales Practices Act applies to the transaction at issue herein. However, I cannot join in the syllabus law announced today, which in my view is unduly broad.

The majority in effect converts into a "consumer transaction" *any* sale of real estate accompanied by the transfer of personal property or the provision of a service, regardless of the significance of the property or service or its relation to the real estate transaction. For example, the Consumer Sales Practices Act might well apply to the typical sale of residential property whenever furniture or any other household item is included in the transaction. Similarly, as appellee correctly suggests, the Act will apply to virtually every transfer of a condominium unit, as condominium ownership typically includes the receipt of common services for a periodic fee. Such a result

was never contemplated by the General Assembly and will lead to all manner of undesirable and frivolous litigation.

I would narrow the circumstances under which R.C. Chapter 1345 may be applied to what is in substance a real estate transfer. In my view, a "mixed" transaction would fall within the protections of the Act only where the transfer of personal property, or the service provided, is intertwined with the sale of the realty. Because the transfer of the steak knives in the instant case was an integral part of appellee's *solicitation* scheme, I would find that this transfer is inextricably intertwined with the sale of the campground lot. The key to this case is the "solicitation" and the methodology used by the seller. Accordingly, I concur in the majority's ultimate conclusion that R.C. Chapter 1345 applies in this case.