**SANNES et al.**

v.

**JEFF WYLER CHEVROLET, INC.**

Court of Common Pleas of Ohio,
Clermont County.

No. 97CV0916.

Decided July 1, 1999.

**12**

*Ronald L. Burdge* and *Martina M. Dillon,* for plaintiffs.

*Barron, Peck & Bennie* and *Michael S. Barron,* for defendant.

*Whann & Associates* and *Deanna L. Stockamp* and *Jay F. McKirahan,* for *amicus curiae.*

ROBERT P. RINGLAND, Judge.

Plaintiffs filed their complaint on October 15, 1997 and an amended complaint on January 28, 1998, alleging violations of the Ohio Credit Services Organization Act, R.C. 4712.01 *et seq.* ("CSOA"), and the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.* ("CSPA"). On February 11, 1999, this court granted in part the plaintiffs' motion for summary judgment and denied the defendant's motion for summary judgment. See *Sannes v. Jeff Wyler Chevrolet, Inc.* (1999), 107 Ohio Misc.2d 6, 736 N.E.2d 112. Presently before the court is defendant's motion to reconsider that decision. Argument was heard and this matter was taken under advisement.

Defendant first requests the court to reconsider its grant of partial summary judgment to plaintiffs on the argument that the plaintiffs do not meet the definition of "buyers." For purposes of the CSOA, a "buyer" is "an individual who is solicited to purchase or who purchases the services of a credit services organization." R.C. 4712.01(A). Defendant submits the testimony of James Jernigan, its finance manager, who states that defendant does not charge a fee

for any services provided in conjunction with any advice or assistance provided, and, therefore, plaintiffs did not purchase services from the defendant.

In *State ex. rel. Montgomery v. Maranatha Financial Group, Inc.* (June 27, 1997), Montgomery C.P. No. 1997 CV 05755, unreported, the court held that "the [CSOA] applies if any fee is charged for any bundle of services, and those services include the advice and assistance in obtaining credit." Specifically, the court found that the fee need not be separate nor directly charged for such services.

In fact, Montgomery County appears to be leading the way in determining that plaintiffs can establish they purchased services, and are, therefore, "buyers," by alleging that they purchased or leased "a combined and inseparable package of goods and services, consisting of credit service and/or assistance and a motor vehicle." *Martinez v. Walker Motor Sales, Inc.* (June 25, 1998), Montgomery C.P. No. 1997 CV 08225, unreported.

The court takes note of the decision in *Hoff v. Frank Z Chevrolet Co.* (Nov. 28, 1997), Montgomery C.P. No. 1997 CV 07342, unreported, wherein the court distinguishes *Maranatha* by claiming that the *Maranatha* plaintiffs paid a "fee," while the *Hoff* plaintiff paid a "purchase price." Also noted is the case of *Simmonds v. Infiniti of Cincinnati, Inc.* (Feb. 24, 1999), Hamilton C.P. No. A–9801319, unreported, wherein the court held that the CSOA "does not apply to this transaction where defendant Infiniti of Cincinnati did not charge or receive any fee from plaintiff for providing assistance in arranging for her lease with Wells Fargo."

However, recently, and partially based on this court's decision granting plaintiff's motion for summary judgment, the court in Montgomery County again found in favor of similarly situated plaintiffs. *Hall v. Jack Walker Pontiac, Toyota, Inc.* (Mar. 11, 1999), Montgomery C.P. No. 1997 CV 06565, unreported (magistrate's decision, objections pending). In that decision, the magistrate undertook a detailed analysis of the legislative intent behind the CSOA. Magistrate Ballard determined that the purpose behind the CSOA was, among others, to regulate credit repair businesses and to provide consumers with a cooling-off period within which to cancel a credit services transaction. Magistrate Ballard specifically stated, perhaps in response to the *Hoff* and *Simmonds* cases, that the issue was not "how the cost of the credit services is characterized," *i.e.*, fee or purchase price, but, rather, the issue was whether the legislature intended to regulate "mixed" contracts for goods and credit services through the CSOA. Magistrate Ballard found that answer to be "yes" based on *Brown v. Liberty Clubs, Inc.* (1989), 45 Ohio St.3d 191, 543 N.E.2d 783, and *Keiber v. Spicer* (1993), 85 Ohio App.3d 391, 619 N.E.2d 1105. Finally, Magistrate Ballard determined

that the purpose of the CSOA would be furthered by applying it to mixed transactions and that the consequences of doing so would not be unduly harsh.

■ In the case *sub judice*, the facts show that the plaintiffs paid $446.62 by check and $900 in trade-in equity to the defendant. Therefore, there is evidence that some amount of money was paid to the defendant in return for which the plaintiffs received a "mixed transaction" of credit services resulting in a lease agreement with Banc One and ultimately the motor vehicle pursuant to the lease with the bank. Accordingly, for purposes of the plaintiffs' motion for summary judgment, the motion to reconsider the finding that the plaintiffs were buyers is denied.

■ Defendant next requests the court to reconsider its denial of summary judgment to defendant on the basis that the transaction in question was not a consumer transaction as defined by R.C. 1345.01(A). "The test generally applied upon the filing of a motion for reconsideration is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Woerner v. Mentor Exempted Village School Dist. Bd. of Edn.* (1993), 84 Ohio App.3d 844, 846, 619 N.E.2d 34, 36. The court notes that defendant's "consumer transaction" argument was not raised in the original motion for summary judgment, nor even in the defendant's response to plaintiffs' motion for summary judgment. Defendant's argument for summary judgment focused solely on whether it was a credit services organization and whether the plaintiffs were buyers under the CSOA. Therefore, on this argument, the defendant has failed to point to an issue that was not considered at all when it should have been. Accordingly, the court finds that this argument is an inappropriate basis for the motion to reconsider.

Finally, returning to the CSOA claim, defendant requests the court to reconsider its decision denying the defendant's motion for summary judgment on the ground that since plaintiffs are not "buyers," defendant is not a "credit services organization." As previously noted, in the CSOA, the term "buyer" means "an individual who is solicited to purchase or who purchases the services of a credit services organization." R.C. 4712.01(A). This definition of "buyer" should, therefore, be inserted in the definition of "credit services organization" so that it reads as follows

"(C)(1) 'Credit services organization' means any person that charges or receives, directly from [an individual who is solicited to purchase or who purchases the services of a credit services organization], money or other valuable consideration readily convertible into money, and that sells, provides, or performs, or

represents that the person can or will sell, provide, or perform, any of the following services:

"(a) Improving a buyer's credit record, history, or rating;

"(b) Obtaining an extension of credit for a buyer;

"(c) Providing advice or assistance to a buyer in connection with division (C)(1)(a) or (b) of this section;

"(d) Removing adverse credit information that is accurate and not obsolete from the buyer's credit record, history, or rating;

"(e) Altering the buyer's identification to prevent the display of the buyer's credit record, history, or rating." R.C. 4712.01(C); 146 Ohio Laws, Part II, 3628, 3649.

The court has already determined that the plaintiffs were in fact buyers of a mixed transaction of credit services and consumer goods. The issue then is whether defendant directly charged or received money or other consideration and provided a service in obtaining an extension of credit for the plaintiffs. It is undisputed that the defendant assisted in arranging for the lease agreement with Banc One, thereby meeting the latter requirement of R.C. 4712.01(C). Furthermore, the court has already found that the plaintiffs were solicited to purchase or purchased a mixed bundle of goods including credit services for which the defendant received money directly from the plaintiffs. Under this theory then, the plaintiffs are buyers and the defendant is a credit services organization subject to the CSOA.

For the foregoing reasons, the defendant's motion to reconsider is hereby denied.

*Motion denied.*