DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas in an action for breach of contract for home construction. Because we conclude that the trial court properly granted summary judgment and denied appellants' motion to vacate, we affirm.
 {¶ 2} Appellants, Naomi and Chi Kanu, filed suit against appellees, George Development Company, Mark E. George, Bill George, and Carpet Spectrum, Inc., alleging claims for negligent construction, breach of contract, and violation of the Consumer Sales Practices Act ("CSPA"). The allegations arose from the construction of a home by George Development. Appellees answered, denying the claims alleged. Appellees also filed two sets of requests for admissions. Appellees then moved to dismiss the CSPA claim and moved jointly for summary judgment as to the remaining claims. Appellants failed to respond to the request for admissions, the motion to dismiss, or to the motion for summary judgment.
 {¶ 3} The trial court dismissed the CSPA claim and granted summary judgment in favor of appellees as to the other two claims. Appellants then moved for Civ.R. 60 relief from judgment, arguing that summary judgment was improperly granted and that counsel for appellants had not received appellees' motion for summary judgment. The trial court, specifically noting that appellants had ignored the effect of the deemed admissions, denied the Civ.R. 60 motion to vacate.
 {¶ 4} Appellants now appeal those judgments, setting forth the following five assignments of error:
 {¶ 5} "I. The trial court erred in granting Defendants/Appellees [sic] Joint Motion for Summary Judgment (Filed 3/11/02) because Defendants/Movants failed to support their motion with any evidence permissible under Civ.R. 56 which affirmatively demonstrates that Plaintiffs [sic] home did not suffer from material and workmanship defects.
 {¶ 6} "II. The trial court erred in granting Defendants/Appellees [sic] Joint Motion for Summary Judgment (Filed 3/11/02) because the damages at issue are serious substantial and remain a question of fact for the Jury to decide.
 {¶ 7} "III. The trial court erred in granting Defendants/Appellees [sic] Joint Motion for Summary Judgment (Filed 3/11/02) because Defendant builders were legally obligated to repair defective workmanship which became apparent in the first year Plaintiffs resided in their new home.
 {¶ 8} "IV. The trial court erred in granting Defendants/Appellees [sic] Motion for Summary Judgment (Filed 3/11/02) because as a matter of law, the Ohio Consumer Sales Practices Act (R.C. 1345.01 et seq.) does apply to builders of new homes and the installation of carpeting in a home.
 {¶ 9} "V. The trial court erred in denying Plaintiffs/Appellants [sic] Motion for Relief from Judgment (filed 4/29/02) because excusable neglect and a meritorious claim were properly presented to the court."
 I. {¶ 10} Appellants, in their first assignment of error, contend that the trial court improperly granted summary judgment because appellees allegedly failed to support their motion with admissible evidence.
 {¶ 11} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 12} When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted. Civ.R. 36; ClevelandTrust Co. v. Willis (1985), 20 Ohio St.3d 66, 67. Generally, in order to be considered on summary judgment, written admissions should then be "timely filed" with the court. Civ.R. 56(C); Millistor v. MotoristsIns. Cos. (Nov. 19, 1990), Ross App. No. 1657.
 {¶ 13} Nevertheless, a trial court may consider documents other than those specified in Civ.R. 56(C) in support of the motion when no objection is raised. Lytle v. Columbus (1990), 70 Ohio App.3d 99, 104. See, also, Steinke v. Allstate Ins. Co. (1993), 86 Ohio App.3d 798, 802;Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78,83; Rodger v. McDonald's Restaurants of Ohio, Inc. (1982),8 Ohio App.3d 256, 258 at n. 7; Brown v. Ohio Casualty Ins. Co. (1978),63 Ohio App.2d 87, 90-91. Where no objection is made, any error in the improper submission of these items is waived. See Proctor v. Wal-MartStores (Mar. 13, 1998), Huron App. No. H-97-033; Tye v. Bd. of Edn.
(1985), 29 Ohio App.3d 63, 66 at fn. 4; Rodger v. McDonald's Restaurantsof Ohio, Inc., supra. Furthermore, a court does not commit reversible error by considering documents not in accordance with Civ.R. 56(C) or (E) where there is no suggestion that the documents are not authentic or that the result would be different if the documents were properly authenticated. Interntl. Bhd. of Elec. Workers v. Smith (1992),76 Ohio App.3d 652, 660; Knowlton Co. v. Knowlton (1983),10 Ohio App.3d 82, 87, reversed on other grounds, Knowlton Co. v.Knowlton (1992), 63 Ohio St.3d 677.
 {¶ 14} In this case, the record shows that appellees attached a copy of the unanswered Request for Admissions to their summary judgment motion, along with various other documents. To comply with Civ.R. 56, the admissions should have been either filed separately with the court with a motion for admission, or accompanied by an affidavit. However, the record reveals no objection to the admissions or any dispute that appellants, in fact, failed to answer them. Consequently, appellants waived any error on appeal. Therefore, despite the procedural defect, the trial court did not err when it considered the admissions in support of appellees' motion for summary judgment.
 {¶ 15} Accordingly, appellants' first assignment of error is not well-taken.
 II. {¶ 16} Appellants, in their second and third assignments of error, argue that summary judgment was improper because questions of fact remain regarding their claims for breach of contract, defective workmanship, and an alleged breach of warranty as to the repair of such defects.
 {¶ 17} A party does not breach a contract when that party substantially performs the terms of the contract. Ohio Farmers Ins. Co.v. Cochran (1922), 104 Ohio St. 427, paragraph two of the syllabus. A material breach is a breach essential to the purpose of the contract.Software Clearing House, Inc. v. Intrak, Inc. (1990), 66 Ohio App.3d 163,170. Nominal, trifling, or technical departures from the terms of a contract are not sufficient to breach it. Cleveland Neighborhood HealthServ., Inc. v. St. Clair Builders, Inc. (1989), 64 Ohio App.3d 639, 644;Ohio Farmers Ins. Co., supra.
 {¶ 18} As we already noted, the trial court properly considered the admissions as evidence regarding appellants' claims. In those admissions, appellants were deemed to have admitted that all claimed defects are nominal or "de minimus." Furthermore, in Request for Admissions numbers 58 and 59, appellants have admitted that no breach of contract and no negligence occurred. Therefore, since no material facts remain in dispute and appellees were entitled to judgment as a matter of law as to each of appellants' claims, the trial court did not err in granting summary judgment.
 {¶ 19} Accordingly, appellants' second and third assignments of error are not well-taken.
 III. {¶ 20} Appellants, in their fourth assignment of error, claim that the trial court erred in dismissing their claim for violation of the Ohio Consumer Sales Practices Act ("CSPA"). Appellees counter that appellants may not appeal that judgment since it was not specifically designated in their notice of appeal.
 {¶ 21} All interlocutory decisions of a court are incorporated into the final judgment entry which disposes of the entire case. Hornerv. Toledo Hosp. (1993), 94 Ohio App.3d 282, 289; Bard v. Society Natl.Bank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. An appeal from the final judgment would, therefore, include all interlocutory rulings affecting the rights finally adjudged. Id.
 {¶ 22} In this case, the dismissal of appellants' CSPA claims was interlocutory and, thus, merged into the final judgment entry of the court from which an appeal was taken. Therefore, appellants may appeal alleged errors in the dismissal of its CSPA claim, even though that judgment entry was not separately delineated in the notice of appeal.
 {¶ 23} The Ohio Consumer Sales Practices Act, codified at R.C.1345.01 et seq., defines a "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A). Under Ohio law, the CSPA is not applicable to pure real estate transactions. Brown v. LibertyClubs, Inc. (1989), 45 Ohio St.3d 191, 193; Worshil v. Smythe Cramer Co.
(September 10, 2001), Stark App. Nos. 2001CA00086, 2001CA00114. See also, Marshall v. United States Home Corp. (Feb. 27, 2002), Summit App. No. 20573 ("consumer product" as defined by CSPA does not include the construction of a new house which is more properly viewed as real property).
 {¶ 24} In the present case, appellants' CSPA claims were all related to the construction of a new home, and, therefore, were not covered by the CSPA. Moreover, even if any such claims were covered, appellants were deemed to have admitted in Request for Admissions No. 60 that "no breach of Consumer Sales Practices Act occurred." Therefore, the trial court properly dismissed appellants' CSPA claims.
 {¶ 25} Appellants' fourth assignment of error is not well-taken.
 IV. {¶ 26} Appellants, in their fifth assignment of error, assert that the trial court erred in denying their motion to vacate the summary judgment based upon excusable neglect pursuant to Civ.R. 60(B).
 {¶ 27} "To prevail upon a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B)(1) permits the court to relieve a party from a final judgment for mistake, inadvertence, or excusable neglect. The standard of review of a Civ.R. 60(B) motion is abuse of discretion. GTE Automatic Electric, supra, at 150. An abuse of discretion requires more than an error of law, but rather implies that the court's judgment was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 28} In this case, the only reason appellants put forth in support of their motion for relief from judgment is that they allegedly had not received appellees' motion for summary judgment, which prevented them from responding. However, as noted by the trial court, appellants' neglect extended far beyond the failure to answer one pleading. Appellants also failed to respond to two sets of Requests for Admissions and to the motion to dismiss the CSPA claims. In our view, appellants failed to present any reasons for the failure to respond to so many and varied pleadings and, as a result, did not establish "excusable neglect" pursuant to Civ.R. 60(B)(1). Therefore, we cannot say that the trial court abused its discretion in denying appellants' motion to vacate the summary judgment.
 {¶ 29} Accordingly, appellants' fifth assignment of error is not well-taken. All pending motions in this case are hereby rendered moot.
 {¶ 30} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.