OPINION
{¶ 1} Plaintiffs-appellants, William E. Morrison and Elizabeth Morrison, appeal from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss, pursuant to Civ.R. 9(B) and 12(B)(6), of defendants-appellees, George Skestos, John Bain, John C. Hanks, Homewood Corporation, Homewood Homes, Homewood Homes, Inc., Homewood Building Co., and Keith Pecinovsky (collectively, "defendants" or "Homewood"). Plaintiffs assign a single error on appeal:
The trial court erred by granting the Appellees' February 21, 2003 partial motion to dismiss.
Because plaintiffs' complaint failed to state a claim upon which relief can be granted and failed to plead their claim sounding in fraud with particularity, we affirm.
 {¶ 2} On February 21, 2003, plaintiffs filed a complaint, with supporting documentation, against defendants, alleging that in March 2001, plaintiffs signed a contract with defendants to purchase real estate on which defendants would build a home for plaintiffs in Indian Trails Subdivision in Grove City. According to the complaint, in August 2002, 15 months after moving into their new home, plaintiffs' neighbors informed plaintiffs about alleged soil contamination on plaintiffs' property.
 {¶ 3} Plaintiffs specifically allege that in the summer of 2000, the Franklin County District Board of Health investigated a complaint from a worker who complained of a rash that allegedly developed after working in the basement excavation on plaintiffs' residential lot. As a result of the complaint, a soil sample was taken from plaintiffs' property by R.D. Zande Associates, Inc. Tests performed on the sample revealed that the soil contained 1,620 micrograms/kilogram of heptachlor epoxide, a degradation product of the pesticide heptachlor, which is a banned pesticide listed by the U.S. Environmental Protection Agency as a carcinogen. As the construction of the home neared completion, additional soil and water samples were collected on March 27, 2001 to determine if hazardous levels of pesticides or other compounds existed in the soil and/or water on plaintiffs' property.
 {¶ 4} On April 25, 2001, a project manager for R.D. Zande 
Associates sent the analytic results and an assessment regarding the soil and water samples to Homewood. The assessment concluded that "the detected concentrations in the soil and water are below regulatory and safety levels for residential properties." The assessment further stated that "[s]everal of the compounds detected are typical of materials found or used in new construction such as PVC, solvents, cleaning agents, etc. The low concentrations of herbicides and pesticides are typical of land formerly utilized for farming."
 {¶ 5} The Franklin County District Board of Health reviewed the analytic results of the soil test. In a letter to the Grove City Building Department that was copied to Homewood and attached to plaintiffs' complaint, the Board of Health noted "[t]he compounds of concern were found at levels only slightly above the detection limits" and "were well below ESEPA, NIOSH, and OSHA exposure limits." The Board of Health concluded, "[i]t does not appear from the test results that there is a hazard associated with pesticide exposure at this address." Plaintiffs closed on their purchase of the residential lot and house on May 25, 2001.
 {¶ 6} Plaintiffs claim that they have been damaged as a result of defendants' failure to disclose to plaintiffs material information regarding the investigation and testing for contaminants in the soil and water on plaintiffs' property. Plaintiffs assert causes of action against defendants for declaratory judgment, breach of contract, violation of the Ohio Consumer Sales Practices Act ("CSPA"), fraudulent misrepresentation, and fraud in the inducement.
 {¶ 7} Pursuant to Civ.R. 9(B) and 12(B)(6), the trial court granted defendants' motion to dismiss plaintiffs' claims for fraud, for violation of the CSPA, and for declaratory judgment premised on those claims. (Nov. 12, 2003 Decision.) The court expressly found: (1) plaintiffs' transaction is not subject to the CSPA because the purported defect is in the real estate and not in the goods or services portion of the transaction; (2) plaintiffs failed to satisfy Civ.R. 9(B)'s requirement that allegations of fraud are to be stated with particularity; and (3) plaintiffs cannot maintain their declaratory judgment action that is predicated on the foregoing claims because the claims were pleaded in other counts of the complaint, the resolution of the controversy is largely dependent upon the determination of the facts in this matter, and speedy relief is not necessary to preserve the rights of the parties. On February 5, 2004, the trial court granted plaintiffs' motion to dismiss their remaining claim for breach of contract and entered judgment dismissing plaintiffs' complaint in its entirety.
 {¶ 8} In their single assignment of error, plaintiffs assert the trial court erred in granting defendants' partial motion to dismiss.
 {¶ 9} This court conducts a de novo review of a trial court's dismissal of a complaint pursuant to Civ.R. 9(B) and 12(B).Singleton v. Adjutant General of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 16, citing State ex rel. Drakev. Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40; Trippv. Beverly Enterprises-Ohio, Inc., Summit App. No. 21506, 2003-Ohio-6821, ¶ 59.
 {¶ 10} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545,548;Powell v. Vorys, Sater, Seymour Pease (1998),131 Ohio App.3d 681,684. Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to recover. Springfield Fireworks, Inc. v. OhioDept. of Commerce, Franklin App. No. 03AP-330, 2003-Ohio-6940, at ¶ 12, citing O'Brien v. Univ. Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242, syllabus. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim; it must presume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Springfield,
supra.
 {¶ 11} Plaintiffs contend the trial court erred in dismissing count five of plaintiff's complaint in which plaintiffs claim that defendants, in violation of the CSPA, engaged in unfair, unconscionable and deceptive consumer sales practices in their dealings and transactions with plaintiffs. Plaintiffs argue the trial court erroneously determined the CSPA is inapplicable to this case for lack of a "consumer transaction." Specifically, the trial court relied on plaintiffs' complaint that alleges a defect relating only to real estate in the alleged contamination of the soil and water on plaintiffs' property; the complaint does not allege any defect relating to defendants' construction of the house. Plaintiffs assert the CSPA applies to plaintiffs' claims because plaintiffs entered into a "consumer transaction" within the CSPA in also contracting for Homewood's services to construct a house on the property plaintiffs purchased from defendants.
 {¶ 12} The CSPA prohibits unfair, deceptive, or unconscionable acts or practices of suppliers in consumer transactions. See R.C. 1345.02 and 1345.03. R.C. 1345.01(A) defines a "consumer transaction" in pertinent part as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." (Emphasis added.)
 {¶ 13} The construction of a house is a "service" within the CSPA. See Ohio Adm. Code 109:4-3-01(C)(2) (stating "[s]ervices include, but are in no way limited to, the construction of a single-family dwelling unit by a supplier on the real property of a consumer"). See, also, Keiber v. Spicer Constr. Co. (1993),85 Ohio App.3d 391; Fesman v. Berger (Dec. 6, 1995), Hamilton App. No. C-940400. The CSPA has no application, however, to the real estate itself, which is not included in CSPA's definition of a consumer transaction. Shore W. Constr. Co. v. Sroka (1991),61 Ohio St.3d 45, 48; Rose v. Zaring Homes, Inc. (1997),122 Ohio App.3d 739, 746-749; Hurst v. Enterprise Title Agency,Inc., 157 Ohio App.3d 133, 144, 2004-Ohio-2307. See, also,Heritage Hills, Ltd. v. Deacon (1990), 49 Ohio St.3d 80, 82.
 {¶ 14} The transaction between the parties in this case was a "mixed transaction" that involved both the transfer of goods and services and the transfer of real property. See Brown v. LibertyClubs, Inc. (1989), 45 Ohio St.3d 191. While the CSPA applies to the portion of a mixed transaction involving the transfer of goods or services, it is inapplicable to the portion of the transaction involving real property. Id.; Rose, supra. Here, because plaintiffs' claims in their complaint are limited to alleged defects in real property, not defects in defendants' construction of the house, plaintiffs' claims are not based on a "consumer transaction" as defined in the CSPA, and the CSPA is therefore inapplicable. Rose, supra. Accordingly, the trial court did not err in dismissing plaintiffs' claims that are premised on defendants' violation of the CSPA.
 {¶ 15} Plaintiffs next assert the trial court erred in dismissing their claims for fraudulent misrepresentation and fraud in the inducement, set forth in counts six and seven of the complaint. The court dismissed the claims pursuant to Civ.R. 9(B) and 12(B)(6). Plaintiffs contend the allegations in their complaint clearly state that defendants committed fraud by omitting or failing to disclose material information to plaintiffs concerning the latent defect in the property's soil, including the investigation and testing of the property's soil and water for contaminants and the prior use of the property as farmland. Plaintiffs' complaint also alleges defendants had knowledge of the latent defect either prior to plaintiffs' entering into the contract with defendants or prior to plaintiffs' closing on the property.
 {¶ 16} Plaintiffs further allege that, in order to induce plaintiffs to enter into the contract with defendants and to close on the property, defendants failed to disclose the material information to plaintiffs. Plaintiffs assert they could not, and did not, reasonably know the truth of the matter and reasonably relied on defendants' nondisclosure in entering into the contract and closing on the property and, as a result, have been damaged. Plaintiffs assert the allegations are stated with particularity, as required by Civ.R. 9(B), and establish the elements of fraud, as set forth in Korodi v. Minot (1987), 40 Ohio App.3d 1, 3.
 {¶ 17} An action sounding in fraud must set forth the following elements in the complaint: (1) a representation, or concealment where there is a duty to disclose; (2) which is material to the transaction at issue; (3) made falsely, with knowledge of or reckless disregard as to its falsity; (4) with the intent of misleading another into relying on it; (5) justifiable reliance upon the misrepresentation or concealment; and (6) resulting injury proximately caused by the reliance.Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph two of the syllabus; Rose, at 743-744; Korodi,
supra. Civ.R. 9(B) requires that the allegations in an action sounding in fraud be pleaded with particularity.
 {¶ 18} Here, although plaintiffs have sufficiently alleged that defendants concealed from plaintiffs information of which defendants had knowledge, plaintiffs have failed to allege that defendants had a duty to disclose the information, a necessary element to establish fraud by concealment. Burr, supra. Further, although plaintiffs expressly allege that defendants made misrepresentations or material omissions to plaintiffs as to the condition and quality of the property by not revealing a purported "latent defect" of the soil, the existence of contaminants in the soil, the documents plaintiffs attach and incorporate by reference to their complaint establish that the compounds of concern were found at levels only slightly above detection limits, were well below state and federal exposure limits, and did not constitute a hazard. Accordingly, plaintiffs' claims premised on fraud were properly dismissed pursuant to Civ.R. 9(B) and 12(B)(6).
 {¶ 19} Plaintiffs finally assert the trial court erred in dismissing their declaratory judgment action with regard to plaintiffs' claims of fraud and violation of the CSPA. Because the trial court properly dismissed plaintiffs' claims of fraud and violation of the CSPA, plaintiffs are unable to maintain a declaratory judgment action premised on those underlying claims. Therefore, the trial court did not err in dismissing counts one, two, and three of plaintiffs' complaint requesting declaratory judgment.
 {¶ 20} Accordingly, having overruled plaintiffs' single assignment of error, we affirm the trial court's judgment dismissing plaintiffs' complaint.
Judgment affirmed.
Petree and Klatt, JJ., concur.