DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Chuck and Marilyn DeLutis, appeal from a judgment of the Summit County Court of Common Pleas in favor of the Appellees, Ashworth Home Builders, Inc., its president Andrew Franklin, and Ashworth Homes LLC (collectively "Ashworth"). We affirm.
 {¶ 2} On August 11, 2005, the DeLutises entered into a contract with Ashworth Home Builders, Inc. to purchase an existing home that the builder had recently constructed in Bath Township. The home had been showcased in the annual Parade of Homes sponsored by the Home Builders Association. The parties agreed to a purchase price of $750,000 and that Ashworth would make needed repairs that were noted in the home inspection. The parties also executed a limited home warranty, which warranted against defects in the property. Ashworth agreed to repair any defects discovered within one year after transfer of the property.
 {¶ 3} Ashworth and the DeLutises later executed a second addendum to the agreement in which Ashworth agreed to make further improvements to the home and the DeLutises agreed *Page 2 
to place $25,000 in escrow to cover the cost of those improvements. The improvements included adding an irrigation system and landscaping and constructing an outbuilding on the property. Because the relationship between the parties later broke down, however, Ashworth never began any of these improvements and the $25,000 placed in escrow was later returned to the DeLutises.
 {¶ 4} The relationship between the parties began to deteriorate shortly after the DeLutises moved into the home. The DeLutises were unsatisfied with the condition of the home and the manner in which Ashworth handled their complaints and requests to make repairs. They ultimately filed this civil action. Through their amended complaint, they alleged claims for breach of contract, fraud, and violations of the Consumer Sales Practices Act ("CSPA"). The case eventually proceeded to a jury trial on all claims.
 {¶ 5} At the close of evidence, the trial court granted Ashworth's motion for a directed verdict on the DeLutises' claims under the CSPA. The jury found in favor of Ashworth on the remaining claims and the trial court entered judgment accordingly. The DeLutises appeal, challenging only the trial court's decision to grant Ashworth a directed verdict on their claims under the CSPA.
 ASSIGNMENT OF ERROR "The trial court erred by granting Ashworth's Motion for Directed Verdict on the DeLutises' claim under the Consumer Sales Practices Act."
 {¶ 6} The DeLutises contend that the trial court erred in granting Ashworth a directed verdict on their claims under the CSPA. Pursuant to Civ. R. 50(A)(4), a motion for directed verdict is granted if, after construing the evidence most strongly in favor of the nonmoving party, "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." On appeal, this Court reviews de novo and applies the same standard as the trial court.Goodyear Tire Rubber Co. v. Aetna Cas. Sur. Co., *Page 3 95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 4. Thus, we determine whether reasonable minds could have concluded that the CSPA applied to the transaction between the DeLutises and Ashworth.
 {¶ 7} The CSPA applies to a "consumer transaction," which is defined in R.C. 1345.01(A) to include "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." The Ohio Supreme Court has held that this definition was clearly intended to exclude real estate transactions from the CSPA. SeeShore West Constr. Co. v. Sroka (1991), 61 Ohio St.3d 45, 48.
 {¶ 8} Ohio courts have held that the CSPA applies to contracts to build a home, however, because these transactions involve the purchase of a service rather than simply the purchase of real estate. See, e.g.,Keiber v. Spicer Constr. Co. (1993), 85 Ohio App.3d 391, 392. TheKeiber court reasoned that the CSPA applies to home construction contracts because:
 "(1) buyers of existing homes have the opportunity to inspect their purchases and evaluate the quality and extent of construction services and goods provided, whereas buyers of construction services have nothing to inspect at the time of the purchase and occupy the same position as homeowners buying construction goods and services, who are protected by the [CSPA]; (2) there is no substantial difference between residential construction and home improvement contracts, the latter having been held to be protected by the [CSPA]; and (3) there is no express authority for the exclusion of residential construction from [CSPA] coverage." Id.
 {¶ 9} The Supreme Court has held that, when the transaction between the parties involves both the transfer of goods or services and the transfer of real property, the CSPA will apply to that portion of the mixed transaction that involves the transfer of goods or services. SeeBrown v. Liberty Clubs, Inc. (1989), 45 Ohio St.3d 191, syllabus.
 {¶ 10} The DeLutises maintained that the CSPA applied to their agreement with Ashworth. Although their amended complaint alleged that they had contracted with Ashworth *Page 4 
"for the construction of a house[,]" they had no contract with Ashworth before the house was completed. The evidence at trial was undisputed that the DeLutises purchased an existing house that Ashworth had built for the Parade of Homes. The house was already completed when the parties entered into sales negotiations and the DeLutises had the opportunity to inspect the completed home before they signed the purchase agreement.
 {¶ 11} Because the DeLutises contracted with Ashworth to purchase an existing home, Ashworth argued to the trial court that they had no claim under the CSPA. The DeLutises did not dispute that, if their transaction with Ashworth had only involved the purchase of their home, the CSPA would not apply. They maintained, however, that they executed additional agreements with Ashworth that transformed the transaction from a pure sale of real property into a mixed transaction for the purchase of real property and for the provision of services.
 {¶ 12} The DeLutises pointed to three supplemental agreements with Ashworth: (1) a second addendum agreement, through which the DeLutises paid Ashworth additional compensation to make further improvements to the property including installing additional landscaping and constructing an outbuilding; (2) a limited home warranty under which Ashworth agreed to perform additional services; and (3) the first addendum agreement, in which Ashworth agreed to make certain repairs to the existing home.
 {¶ 13} First, the DeLutises point to the second addendum agreement, through which Ashworth agreed, for an additional fee, to construct an outbuilding on the property, install trees and an irrigation system, and make other improvements to the property. Had the DeLutises based any of their claims on the construction of those improvements, that part of the transaction would have involved the provision of services and could arguably fall under the CSPA. See Reichert v. Ingersoll (1985),18 Ohio St.3d 220, 220. *Page 5 
 {¶ 14} As noted in Brown, however, the CSPA still would not apply to the sale of the existing home but would only apply to that portion of their agreement that involved the construction of additional structures and other provision of services by Ashworth. The evidence was undisputed that Ashworth never even started any of the improvements, the DeLutises received a full refund of all funds associated with the improvements, and none of their claims were based on this aspect of the parties' agreement.
 {¶ 15} Next, the DeLutises point to two additional agreements that they executed with Ashworth: a limited home warranty and an agreement that Ashworth would make certain repairs noted by the parties when they walked through the home together. The DeLutises have failed to cite any authority, however, to support their proposition that a home warranty or repair agreement, executed in connection with the sale of an existing house, somehow transforms a pure real estate transaction into one that falls within the CSPA. They rely solely on case law that is legally distinguishable. Each of the cases cited by the DeLutises involved warranties or repair agreements that were executed in conjunction with the sale of goods or provision of services, transactions that themselves fell within the CSPA. See Bodenberg v. Duggan Homes, Inc., 2d Dist. No. 20311, 2004-Ohio-5935 (a new home warranty executed in conjunction with a contract for the construction of a new home); Brown v. Lyons (1974),43 Ohio Misc. 14 (warranty executed in connection with the sale of an appliance); Friend v. Elsea, Inc. (Sept. 26, 2000), 4th Dist. No 98CA29 (agreement to make repairs executed in connection with an agreement to construct the foundation of a manufactured home).
 {¶ 16} The DeLutises have failed to demonstrate that reasonable minds could have concluded that their claims against Ashworth were based on a contract to provide services that *Page 6 
fell within the CSPA. Therefore, the trial court did not err in granting Ashworth a directed verdict on their CSPA claims. The assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants.
CARR, J. MOORE, J. CONCUR *Page 1